**Christopher L. Cauble,** OSB No. 962374
ccauble@thecaublefirm.com
**Max C. Whittington,** OSB No. 154474
mwhittington@thecaublefirm.com
CAUBLE, CAUBLE & SELVIG, LLP
111 SE Sixth St.
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# MEDFORD DIVISION

| | |
|---|---|
| **EVELYN EKHOLM** | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **WALGREEN CO. dba WALGREENS** | **Negligence** |
| Defendant. | **JURY TRIAL DEMANDED** |

Come now the Plaintiff and alleges as follows:

1.

Plaintiff resides in Josephine County, Oregon. At the time of the events leading to this complaint, Plaintiff was 81 years old.

2.

Defendant Walgreen Co. ("Walgreen") is an Illinois corporation headquartered in Deerfield, IL. Walgreen does business as "Walgreens" and has retail stores operating throughout the United States.

Page 1 – Complaint

3.

This court has jurisdiction pursuant to 28 USC Sec 1332 as complete diversity exists between Plaintiff and Defendant and the amount in controversy is in excess of $75,000.00. Jurisdiction and venue is proper in the District of Oregon because the events giving rise to this claim took place in the District of Oregon.

4.

Venue is proper in the District of Oregon, Medford Division because the events giving rise to this claim took place in Josephine County, Oregon.

5.

Walgreen leases real property located at 111 Union Ave., Grants Pass, Oregon, 97527. Walgreen uses the property and the building located on the property as one of its Walgreens retail stores.

6.

The Walgreens store at 111 Union Ave, Grants Pass, Oregon, provides shopping carts for its customers to use. These carts are kept in several staggered rows along the left side of the store immediately inside the main entrance in a very cramped area. Each row of carts juts out at an angle from the left wall of the entrance. Each row of carts is partially hidden in a recessed area underneath shelving, which contain products for sale, along the left side of the store entrance. These staggered rows of carts are kept apart by metal shopping cart corrals, which are meant to keep the carts fitted together in straight rows. Walgreen's employees return the shopping carts to these corrals after their use by customers.

**FIRST CLAIM FOR RELIEF**

(Negligence)

7.

Plaintiff re-alleges paragraphs 1-6 of this complaint as if fully stated herein.

///

8.

On or about May 10, 2015, Plaintiff went to the Walgreens store located at 111 Union Ave, Grants Pass, Oregon, for the purpose of purchasing some items. Upon entering the store, Plaintiff went to retrieve a shopping cart from the shopping cart corrals on the left side of the Walgreens main entrance.

9.

Plaintiff grabbed onto one of the carts by its handle and attempted to pull it free from the corral, however the cart was jammed into the carts in front of it and could not be dislodged with regular reasonable force.

10.

Plaintiff attempted to free the cart by pulling harder on the cart handle. Plaintiff had to use significantly more force than she would normally have used to pull a shopping cart out of a shopping cart corral. The cart suddenly came free from the carts in front of it, causing Plaintiff to stumble backwards. Plaintiff tripped over another cart which was jutting out of the row behind her. Plaintiff fell to the ground and severely injured her right hip.

12.

Defendant Walgreen acted negligently and unreasonably in failing to adequately train its employees to properly insert carts into the cart corrals in order to prevent the carts from jamming; in failing to properly maintain the carts in a good condition which would be less prone to jamming; and through its employees and agents, by causing Plaintiff's cart to be jammed by not correctly inserting the cart into the cart corral.

13.

Furthermore, Defendant Walgreen was negligent and unreasonable in the design of the Walgreens store at 111 Union Ave, Grants Pass, Oregon. The shopping cart area on the left side of the main entrance is poorly designed and presents an increased risk of injury to customers.

Particularly, the small cramped area in which the carts are located and packed together, the way the rows of carts are staggered and jut out at an angle from the wall, the way in which rows of carts are partially hidden in recessed spaces under shelves containing products, the excessive flow of customers through that portion of the store, and the manner in which Walgreen employees insert used carts back into the cart corrals all significantly increase the risk of tripping and falling on the property. Walgreen is also negligent in failing to post warning signs in the area to alert customers of the risk of injury presented by the carts or other hazards.

14.

Under Oregon law, Defendant owes a heightened duty to a business invitee such as Plaintiff. Defendants had a duty to protect and warn Plaintiff of dangers on the property which it knew about or reasonably should have known about. By its conduct alleged above, Defendant has breached this duty and has negligently caused foreseeable harm to Plaintiff.

15.

Defendant's negligent conduct caused Plaintiff to fall and injure her hip. Plaintiff's right hip was severely broken in several places and required two invasive, expensive, and painful surgeries to even stabilize the joint. Plaintiff underwent hip surgery shortly after sustaining the injury, and then had to undergo an additional hip surgery on or about September 21, 2015 in order to recover limited movement and support in her right hip. Despite these surgeries, Plaintiff will never regain full use of her right hip.

16.

Prior to sustaining the broken hip, Plaintiff was a mobile and independent person. Plaintiff walked unassisted and enjoyed numerous outdoor activities and other interests which required her mobility. Plaintiff was self-sufficient, and did not require assistance in going about her day to day activities. Because of Defendant's negligence, Plaintiff will be severely restricted in activities which require her to walk or use her legs for the rest of her life. Plaintiff is now unable to walk unassisted and will require the use of a walker or wheelchair for the rest of her

life. Plaintiff is no longer able to live an independent, self-sufficient life. She can no longer pursue numerous interests which require her mobility and she now requires assistance from others to perform some day to day activities. In addition, Plaintiff continues to suffer pain in her right hip and is likely to suffer pain in her hip for the rest of her life.

17.

As a result of Defendant's negligence, Plaintiff has incurred medical expenses in the amount of $250,000, or an amount to be proven at trial. Plaintiff is also entitled to recover non-economic damages for her pain and anguish, compensation for the lifelong limitation of movement in her hip, her inability to walk unassisted, and her diminution in independence and life enjoyment in the amount of $500,000 dollars.

WHEREFORE, Plaintiffs' request the following relief:

1. Damages in the amount of $750,000 or an amount to be proven at trial on Plaintiff's claim for relief.
2. Such other relief deemed just and equitable.

Dated this 22nd day of April, 2016.

CAUBLE, CAUBLE & SELVIG, LLP

*/s/ Max Whittington*

**Christopher L. Cauble** OSB No. 962374
ccauble@thecaublefirm.com
**Max C. Whittington.** OSB No. 154474
mwhittington@thecaublefirm.com
CAUBLE, CAUBLE & SELVIG, LLP
111 SE Sixth Street
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

Attorneys for Plaintiff

Page 5 – Complaint